UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>          v.<br><br>WAYNE P. GROEN,<br><br>                              Defendant. | CASE NO. CR15-288-JLR<br><br>DETENTION ORDER |

Offenses charged:     Two count indictment, each charging assault of a federal officer.

18 U.S.C. 111(a)(1) and (b).

Date of Detention Hearing:     September 10, 2015.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.     Defendant and his counsel have stipulated to the entry of an order of detention.

DETENTION ORDER
PAGE - 1

Notwithstanding this stipulation, the court is obliged to make its own, independent determination as to whether detention is required under the Federal Bail and Detention Act. For the reasons set forth below, the court determines that detention is so required.

2. The Government submitted a "Memorandum in Support of Government's Motion for Detention," setting forth the factual history upon which it bases its motion. For the court's convenience, a copy of that Memorandum is attached to this order. At the detention hearing, the court offered defense counsel to contest or otherwise address any of the factual recitals set forth in the Government's Memorandum. Defense counsel declined that opportunity. For the limited purpose of this detention determination, the court must therefore accept the Government's factual allegations as accurate.

3. Those allegations document a serious and longstanding hostility on the part of defendant to U.S. Customs and Border Patrol ("CBP") officers, and perhaps also to other law enforcement officers. Acting on that hostility, defendant has repeatedly taken violent action toward various such officers. This led to his conviction in this court in CR11-12 TSZ for shining a high-powered spotlight into the eyes of a CBP helicopter pilot, posing great danger to the pilot, all present in the helicopter, to others on the ground, and to the aircraft. Defendant was later involved in other incidents directed to officers and their official vehicles. The charges in this case are based upon allegations of defendant directing his vehicle, at high speed, toward three CBP officers who were on or near the road. The Government's Memorandum sets forth the alleged facts of these incidents, and others of a similar nature.

4. These allegations, which are currently not rebutted by defendant, establish by clear and convincing evidence that defendant, if released on bond conditions, would pose a danger to other persons and the community.

DETENTION ORDER
PAGE - 2

5.     There is little or no reason to believe that defendant would be deterred from continuing such conduct if this court were to grant pretrial release on conditions in this case. Some of the prior incidents occurred while defendant was on release pending a self-report date in the prior case, or later while he was on unsupervised probation in that case. There is no reason to believe that pretrial release conditions in this case would be any more effective.

6.     The court has carefully considered the reports submitted by the Pretrial Services Officer, recommending release of defendant on conditions. For the reasons set forth above, the court respectfully declines to follow that recommendation.

7.     While stipulating to detention, defense counsel indicated the possibility that she would move for reconsideration at a later time. Such a motion may be made at any time; but defendant must meet the requirements of the last sentence of 18 U.S.C ¶3142(f).

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

/ / /

/ / /

/ / /

DETENTION ORDER
PAGE - 3

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Pretrial Services Officer.

DATED this <u>10th</u> day of September, 2015.

s/ John L. Weinberg
United States Magistrate Judge

DETENTION ORDER
PAGE - 4